UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY LC D.C.

JUN 24 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

UNITED STATES OF AMERICA

vs.                                    CASE # 2:23-MJ-00136-SMM

, MAXIME AUGUSTIN

EVIDENCE FOR PRELIMINARY HEARING

Pursuance of Rule 5.1(e) and (f) for preliminary hearing, Maxime Augustin has provided evidence for a want and need of discharge and/or dismissal; pursuant to "Exhibit B" of res judicata, "Exhibit B" Colorado River Doctrine, "Exhibit B" Rooker-Feldman Doctrine, Vagueness Doctrine, Cy Pres Doctrine, Entrapment-by-estoppel:

The prosecution admitted on the complaint, line 8 of page 5, that DFAS routing numbers, ending in 6068 and 6055 are assigned by the Federal Reserve Bank. That means DFAS electronic payments are regulated by the Federal Reserve Bank or its system. Entrapment-by-estoppel is rooted in the Due Process clause's "fundamental notions of fairness". Entrapment by estoppel is "a question of law for the trial court to decide, not a question of fact for the jury to resolve" - Maxime Augustin. See USA v. Levin, 973 F.2d 463, 468 (6th Cir. 1992); Raley v. Ohio, 360 U.S. 423, 426 (1959); as follows:

1

A routing number has to be in conjunction with an account number for a access device to exist of an unauthorized transfer, such as real-time payments, e-check payments, ACH payments, wire transfer, internal and external bank transfers, etc. "EFT"

Under the Federal Reserve System, liability of consumer for unauthorized transfers, 12 CFR section 205.6 (a), if the unauthorized transfer involved was an access device, it must be an accepted access device and the financial institution must have provided a means to identify the consumer to whom it was issued.

Under the Federal Reserve System, electronic fund transfer of government, 12 CFR section 205.15 (a) (1), a government agency is deemed to be a financial institution for purposes of the act and this part if directly or indirectly it issues an access device to a consumer for use in initiating an electronic fund transfer

2

of government benefits from an account...

Under the Federal Reserve System, electronic fund transfer of government benefits, 12 CFR section 205.15 (b), issuance of access devices. For purposes of this section, a consumer is deemed to request an access device when the consumer applies for government benefits that the agency disburses or will disburse by means of an electronic fund transfer. The agency shall, verify the identity of the consumer receiving the device by reasonable means before the device is activated.

Under the Federal Reserve System, issuance of access devices, 12 CFR section 205.5(a), Solicited issuance, and 12 CFR section 205.5 (b), Unsolicited issuance.

Under the Federal Reserve System, initial disclosures, 12 CFR section 205.7 (b)(1), liability of consumer. A summary of the consumer's liability, under 205.6

3

or under other applicable law or agreement, for unauthorized electronic fund transfer. and also 12 CFR section 205.7 (b)(8), liability of institution, a summary of the financial institution's liability to the consumer under ⬤ section 910 of the act for to make or to stop certain transfers.

Based on the regulations of the Federal Reserve System concerning the alleged violation of 18 U.S.C. section 1029 (a)(2) of the use of DFAS routing numbers, DFAS unsolicited issuance of access device that was also indirectly issued to Maxime Augustin because when he processed the transaction closely related to his identification, such as his EIN 83-3216354 and his domicile EIN ending in 6134, State of Florida, also his selective service number as an account number in conjunction with DFAS routing numbers, the transaction cleared of which means the access

4

device is accepted and the execution of the electronic payment is a request of government benefits itself. See 32 CFR 22.810(b)(2), payments, (DoD Grants). A great defense against unauthorized use of an access device is that I am authorized. Just like any other financial institution, they reserve the right to close my account for any reason. Pursuance of 12 CFR Section 205.5(b)(3), the liability of institution; pursuant to 12 CFR section 205.7(b)(8), it is DFAS fault for why the transactions cleared in the first place. I have no obligation to pay anybody back for anything related to my alleged conduct because under the Federal Reserve System of what I allegedly done is not a crime. The access device was activated in the name of Maxime Augustin and his domicile State of Florida, pursuant to 12 CFR section 205.15(b). "A fundamental principle in our legal system is that laws which regulate persons or entities ▮ must give fair notice of conduct that is forbidden or required" F.C.C v. Fox Television Stations, Inc., 567 U.S. 239, 253 (2012)

Regulation E state that "an unauthorized electronic funds transfer includes a transfer initiated by a person who obtained the access device from the consumer through fraud or robbery." See 12 CFR Section 205, Supp. 1 at 2(m) (Regulation E official Interpretation of section 205.2(m)); 12 CFR Section 1005, Supp. 1 at 2(m)); See also Green v. Capital One, N.A., 557 F. Supp. 3d 441, 447 (S.D.N.Y) 2021. See Georgian v. Bank of America, N.A., Case No. 3:22-cv-00618-RJC-WCM (W.D.N.C. March 19, 2024)

Prosecution failed to state within the complaint that the element of 18 USC 1029(a)(2) which is the consumer was defrauded into giving away their routing and account number to process such transactions in the first place, not just the transaction itself because the type of victim is a government agency that is a financial institution that is regulated by the Federal Reserve System, DFAS. "Failure to prosecute" See Boling v. USA, 231 F.2d 926 (9th Cir. 1956)

6

Pursuant to 18 USC section 1029(a)(2) & 18 USC section 3282, the alleged criminal conduct described in the complaint is subject to a 5 year statute of limitations, however, pursuance of 12 CFR section 205.7(b)(1); 12 CFR section 205.15(a)(1); Regulation E there is a vagueness because a consumer must report an unauthorized electronic fund transfer that appears on a periodic statement within 60 days of the financial institution's transmittal of the statement to avoid liability for subsequent transfers and notice to a financial institution is given when a consumer takes steps reasonably necessary to provide the institution with the pertinent information, whether or not a particular employee or agent of the institution actually receives the information.

A preliminary report to DCIS on 7/18/2022 from DFAS is not a notice to a financial institution nor

7

a report because DCIS is not a financial institution. Since the prosecution cannot identify the actual consumer who reported the transactions within 60 days to DFAS then the Statute of limitations do apply because the vagueness of the existence of the consumer and the victim is regulated by the Federal Reserve System. Any reported transaction after 60 days by the consumer or zero report of any transaction is DFAS not complying with the regulations set by the Federal Reserve System of which makes 18 USC section 1029 (a)(2) inapplicable to this instant case. A 5-year window of 18 USC section 1029 (a)(2) prosecution has to be met with the regulations of the Federal Reserve System of reporting transactions within 60 days because the alleged victim is a government agency that is a financial institution, DFAS. If not, the claim bars itself. Regulations of the Federal Reserve System preempts Prosecution if compliance are not met.

8

"The void-for-vagueness doctrine reflects the principle that 'a statute which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as its application, violates the first essential of due process of law" Roberts v. U.S. Jaycees, 468 U.S., 609, 629, 104 S. Ct. 3244, 82 L. Ed. 2d 462 (1984). (quoting Connally v. Gen. Constr. Co., 269 U.S. 385, 391, 46 S. Ct. 126, 70 L. Ed. 322 (1926)).

The Supreme Court has warned against the mechanical application of vagueness doctrine, emphasizing that an " economic regulation is subject to a less strict vagueness test" and there should be "greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe" Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498-99, 102 S. Ct. 1186, 71 L. Ed. 2d 362 (1982); see Trans Union Corp. v. Fed. Trade Comm'n, 245 F. 3d 809,

9

817 (D.C. Cir. 2001) ("Because the FCRA's regulation of consumer reporting agencies is economic, it is subject to 'a less strict vagueness test."). Harris v. Mexican Specialty Foods, Inc., 564 F.3d 1301, 1310-1311 (11th Cir. 2009) (Kravitch, J.).

The Federal Reserve Board regulates the content of statements, advertising, loan proposals, and interest rate disclosures, but only when made by financial institutions. See 12 CFR pts 226, 230. (2011). (This part is relevant because the Federal Reserve Board regulates content of statements) Among the principal functions of the Federal Reserve System is the conduct of monetary policy, the aim of which is to promote national economic goals through influence on the availability and cost of bank reserves, bank credit, and money. This means that the Federal Reserve System regulation of unauthorized electronic fund transfers is economic, it is subject to a less strict vagueness test. See Committee for Monetary Reform v. Board of Governors of Federal

10

Reserve System, 766 F.2d 538 (D.C. Cir. 1985). See 17 CFR 31.3(a), because gold transactions are economically regulated by the Commodity Exchange Act. So if the access device of DFAS routing numbers were accepted and the liability of institution were to identify Maxime Augustin before the access device was activated, and the access device was actually activated for the transaction to clear, then that's where the vagueness exist if the charge of the complaint is 18 USC 1029(a)(2). Unauthorized use of an access device, especially when the 60 reporting days by the consumer to DFAS is not met, pursuant to 12 CFR part 205 (2026). "Inextricably intertwined"

When the DFAS routing numbers cleared in conjunction with Maxime Augustin identification, the transactions within the complaint, Maxime Augustin became the cy pres recipient of electronic fund transfer of government benefits. See Fraley v. Batman, No. 13-16819, No. 13-16918, No. 13-16919

11

(9th Cir, January 6, 2016) D.C. No. 3:11-cv-01726-RS.

The identification of Maxime Augustin and his domicile, State of Florida, are the account numbers used in conjunction of the DFAS routing numbers. And since the Federal Reserve System regulations are relevant to DFAS access device because it is of a government agency that is a financial institution, and government agencies that are financial institutions are or is in compliance with 12 CFR part 205, then Maxime Augustin being tried by the prosecution violates his or deprives his United States Constitution Fifth Amendment rights because Maxime Augustin is compelled in this criminal case to be a witness against himself, being deprived of life, liberty, and property, without due process of law. The prosecution is based on a retroactively applicable Supreme Court decision that establishes the Defendant is being charged with a nonexistent crime. See Fiore v. White, 531 U.S. 225, 121 S.Ct. 712, 148 L.Ed.2d 629

THEREFORE the complaint proffers

12

a conclusory assertion without factual enhancement. A formulaic recitation of the elements of a cause of action does not suffice to state a cognizable claim for prosecution, the United States Supreme Court has flatly rejected as insufficient to state a claim on which prosecution may be granted. "Matter res judicata Case # 562022CF2859A"

Under the penalty of perjury, the statements are true and correct.

## ATTACHMENTS

page of the complaint
Notes in court " Exhibit B "
Jacob, Crump – DoD personnel – "Exhibit A "
"from St Lucie County Clerk"

x _Maxime Augustin_

Maxime Augustin
245828 or 60015-512
St Lucie County Jail
900 N Rock Road
Fort Pierce, FL 34945

6/11/2026
2:16 P.M.

13



US POSTAGE

quadient

FIRST-CLASS MAIL
IMI
$003.00⁹
0604/2026 ZIP 34950
043M31252948

CLERK OF THE CIRCUIT COURT
P.O. BOX 700
FORT PIERCE, FLORIDA 34954
ATTN: RECORDING DEPT.

B4-B324

MAXINE AUGUSTIN
245828
ST LUCIE COUNTY JAIL
900 N ROCK ROAD
FORT PIERCE, FL 34945

LEGAL MAIL

OPEN IN FRONT OF INMATE



St. Lucie County Detention Center
900 North Rock Road
Fort Pierce, Florida 34945

FOREVER / USA

FOREVER / USA

US POSTAGE (M) PITNEY BOWES

FIRST-CLASS

ZIP 34945
02 7H
0006194781

$ 004.14⁰

JUN 22 2026

US Dist Court Clerk
101 SS US Hwy 1
FT Pierce FL 34950

Legal Mail

— Evidence for
Preliminary Hearing

