UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

JUL 02 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

United States of America

vs.

MAXIME AUGUSTIN

Case No: 23-MJ-00136-SMM

ADDITIONAL EVIDENCE FOR PRELIMINARY
HEARING -- VIOLATION OF SPEEDY TRIAL
ACT AND/OR 18 USC 3161(b)

Pursuance of Rule 5.1(e) and (f) for preliminary hearing, Maxime Augustin has provided additional evidence for a want and need of discharge and/or dismissal, pursuant to violation of STA: or 18 USC 3161(b):

In 18 USC section 3161(b), if an individual has been charged with a felony in a district in which no grand jury has been in session during such 30 day period, the period of time for filing of the indictment shall be extended an additional 30 days, in total 60 days.

1

Under 18 USC section 3161(h), there may have been periods of delay in computing the time within which an information or an indictment must be filed.

On 5/14/2026, the docket text from Magistrate Judge Shaniek Mills Maynard stating 18 USC section 3161(h)(1)(A) and 18 USC section 3161(h)(4), as well that "competency-related considerations operate as a barrier to indictment or otherwise automatically suspend the indictment process pending competency determinations, and the Government has cited no authority to that effect." Exhibit "A" ATTACHED

The court has found Maxime Augustin competent pursuant to 6/15/2026, competency evaluation report deadline.

The binding Eleventh Circuit authority suggested in United States v. Pendleton, No. 15-13617 (11th Cir. Dec 9, 2016), D.C. Docket No. 6:11-cr-00083-ACC-KRS-1, that if a defendant is mentally incompetent under section 3161(h)(4), that time is excludable.

Hence, the stage of this instant case is arrest to indictment not indictment to trial. From April 30, 2026 to June 28, 2026, is 60 days in total. From April 30, 2026 to July 8, 2026, is 70 days in total but it does not apply because Maxime Augustin has been found competent to proceed trial and he has not been indicted within 60 days.

If not mistaken, the binding Eleventh Circuit authority suggested in United States v. Pendleton, No. 15-13617 (11th Cir. Dec 9, 2016), that because Pendleton had been declared incompetent, the entire 53 days was excludable under section 3161 (h)(4). How it relates to my case is that the court applied section 3161 (h)(4), if I was to be found incompetent, but I'm not incompetent so section 3161(h)(4) does not apply.

The binding Eleventh Circuit authority suggested in United States v. Zayas, Case No. 10-20813-CR-MOORE/SIMONTON (S.D. Fla. Dec 8, 2010, was an "order finding the

3

Defendant is incompetent to proceed and committing him to the custody of the attorney general for treatment" and within that order page 5 and line #3, it states "The period of time during which the Defendant's competency is being determined pursuant to 18 USC Section 4241, is excludable under the Speedy Trial Act, 18 USC section 3161 (h) (1) (A). How it relates to my case is that the court applied section 3161(h)(1)(A), if I was to be found incompetent, but I'm not incompetent so section 3161(h)(1)(A) does not apply.

The binding Eleventh Circuit authority suggested in United States v. Davis, Case No. 10-60309-CR-DIMITROULEAS (S.D. Fla. Jan 24, 2011) , was an order of which "the examining doctor had made a preliminary finding that Defendant is not competent to stand trial at this time" and "to determine Defendant's competency shall be excluded from the computation of deadlines under Speedy Trial Act, 18 USC section 3161 (h)(2)(A)". How it relates to my case is that the court applied section 3161 (h)(1)(A), if I was

4

to be found incompetent, but I'm not incompetent so Section 3161 (h)(1)(A) does not apply.

The Eleventh Circuit authority suggested in United States v. Davis, Case No. 10-60309-CR-DIMITROULEAS (S.D. Fla. Feb 18, 2011), was an order of "the hospitalization of Defendant for the purposes described above and any subsequent judicial proceedings to determine Defendant's competency shall be excluded from the computation of deadlines under the Speedy Trial Act, 18 USC Section 3161 (h)(1)(A). Within this order Dr. Buigas found the Defendant mentally incompetent. How it relates to my case is that, the court applied Section 3161(h)(1)(A), if I was to be found incompetent, but I'm not incompetent based off Dr. Buigas report, same doctor that found Davis incompetent is the same doctor that found me competent to proceed so section 3161 (h)(1)(A) does not apply.

By the way, this is Maxime Augustin first time being tried in the federal court

system as well as the Defendant's competency to federal court.

Even if the court were to apply section 3161 (h)(1)(A) of an mentally competent Defendant, each day from any proceeding and examinations, the obligation of the prosecution to indict Maxime Augustin surpassed 30 days. However, if the court were to not apply section 3161 (h)(1)(A) because the Defendant is competent to stand trial, then the obligation of the prosecution to indict Maxime Augustin surpassed 60 days, if there was not a grand jury session for this felony case during the first 30, day period, section 3161 (b). See U.S. v. Williams, 314 F.3d 552 (11th Cir. 2002). But based on the binding Eleventh Circuit authority already cited implicated that the Defendants for each case law were found incompetent and were ordered for competency restoration pursuant to section 3161(h)(1)(A) and 3161 (h)(4). A plain reading of the statute does not necessitate the conclusion that only one of the exclusions

under section 3161(h) can apply at a time. According, to the statute's plain language, any qualifying delay is excludable, regardless of whether it would or would not qualify under another subsection of the statute. It is within this court discrection on whether section 3161(h)(1)(A) and Section 3161(h)(4), if one or both of the sections actually applied to be excludable from the 60 day indictment period Section 3161(b), Since Maxime Augustin was actually found to be competent during the arrest to indictment stage of this instant case.

Idealistically, a dismissal for any reason would favor the Defendant per his requests.

WHEREFORE under Fed.R.Crim. P 48(b)(1),(2), and (3), the prosecution failed to prosecute by not complying with the Speedy Trial Act or 18 USC section 3161(b). (18 USC section 3162)

x _Maxime Augustin_

Maxime Augustin

Inmate #245828 or Inmate #60015-512

Dated: 6/28/2026
2:16 P.M.

8

Case 2:23-mj-00136-SMM   Document 42   Entered on FLSD Docket 07/02/2026   Page 8 of 9

Maxime Augustin #245828 / #60015-512
St Lucie County Detention Center
900 North Rock Road
Fort Pierce, Florida 34945

WEST PALM BCH FL 334

1 JUL 2026   AM3 1

RECEIVED
JUL 02 2026
CLEARED BY X-RAY

U.S. District Court Clerk

101 S US HWY 1

Fort Pierce, FL 34950.

Legal Mail --
May have been a
violation of Speedy Trial
Act or 18 USC section
3161(b) -- Legal Mail

34950-420901